1  Scott J. Bornstein (*pro hac vice*)
   bornsteins@gtlaw.com
2  Rose Cordero Prey (*pro hac vice*)
   preyr@gtlaw.com
3  GREENBERG TRAURIG, LLP
   MetLife Building
4  200 Park Avenue
   New York, NY 10166
5  Telephone: 212.801.9200
   Facsimile: 212.801.6400
6
   Nicholas A. Brown (SBN 198210)
7  GREENBERG TRAURIG, LLP
   4 Embarcadero Center, Suite 3000
8  San Francisco, CA 94111-5983
   Telephone: 415.655.1271
9  Facsimile: 415.520.5609

10 Attorneys for Plaintiff Charles Schwab & Co., Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES SCHWAB & CO., INC;<br>CHARLES SCHWAB BANK, N.A.; and<br>THE CHARLES SCHWAB CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>WORDLOGIC, INC.; and<br>602531 British Columbia Ltd.,<br><br>Defendant. | Case No. 3:19-cv-527<br><br>**COMPLAINT**<br>**FOR DECLARATORY JUDGMENT** |

Plaintiffs Charles Schwab & Co., Inc., Charles Schwab Bank, N.A., and The Charles Schwab Corporation (collectively "Schwab") bring this complaint for declaratory judgment against Defendants WordLogic Corporation and 602531 British Columbia Ltd., (collectively, "the WordLogic Entities") and allege as follows:

**NATURE OF THE ACTION**

1. This is an action for a declaratory judgment of arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. §§ 1 et seq. Schwab requests a judicial declaration that U.S. Patent Nos. 7,293,231 ("'231 patent"), 7,681,124 ("'124 patent"), 7,716,579 ("'579 patent") and 8,552,984 ("'984 patent") (collectively, the "Asserted Patents") are invalid and not infringed by Schwab.

2. True and correct copies of the Asserted Patents are attached as exhibits 1-4.

**PARTIES**

3. Plaintiff The Charles Schwab Corporation is a corporation organized under the laws of Delaware, with its principal place of business in San Francisco, California.

4. Plaintiff Charles Schwab Bank, N.A. is a national banking corporation headquartered in Nevada. Charles Schwab Bank, N.A., is a wholly-owned subsidiary of The Charles Schwab Corporation.

5. Plaintiff Charles Schwab & Co., Inc. is a corporation organized and existing under the laws of the state of California, with its principal place of business in San Francisco, California. Charles Schwab & Co., Inc. is a wholly-owned subsidiary of Schwab Holdings Inc., which is a wholly-owned subsidiary of The Charles Schwab Corporation.

6. On information and belief, WordLogic Corporation ("WordLogic") is a Nevada corporation having its principal place of business at 1130 West Pender Street, Suite 230, Vancouver, British Columbia, V6E 4A4, Canada.

7. On information and belief, 602531 British Columbia Ltd. is a Canadian limited liability company with a principal place of business at 1130 West Pender Street, Suite 230, Vancouver, British Columbia V6E 4A4, Canada.

8. On information and belief, 602531 British Columbia Ltd. is a wholly owned

1  subsidiary of WordLogic.

2      9.    On information and belief, 602531 British Columbia Ltd. is the assignee of the '124

3  and '984 patents.

4  **JURISDICTION AND VENUE**

5      10.    This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*,

6  including 35 U.S.C. § 271. This Court has subject matter jurisdiction over this matter pursuant to

7  28 U.S.C. §§ 2201, 2202, 1331, 1338(a), and 1367.

8      11.    An actual and justiciable controversy exists between Schwab and the WordLogic

9  Entities as to the noninfringement and invalidity of the Asserted Patents.

10      12.    The WordLogic Entities have repeatedly alleged that Schwab infringes the Asserted

11  Patents, and asserted their intent to file a patent infringement lawsuit, as described below:

12      13.    On September 25, 2018, Mr. Ohanian of Ohanian IP wrote a letter to addressed to

13  "Mr. Eric West" of "CHARLES SCHWAB" in San Francisco, stating that he represented the

14  WordLogic Entities "in the licensing and enforcement" of the four Asserted Patents. The letter

15  states that it was intended to "advise you of CHARLES SCHWAB's infringement." The letter

16  includes a claim chart showing how the "predictive search box" in the "CHARLES SCHWAB

17  Website" (i) allegedly infringes claim 19 of the '124 patent, and (ii) "likely" infringes "other claims

18  in the WordLogic Patents." The letter further states that "we are confident in the validity and

19  infringement of the WordLogic patents." The letter concludes by asserting that "If I do not hear

20  from you by that date I will assume you are not interested in discussion a quick resolution, and we

21  will proceed with the litigation."

22      14.    The September 25, 2018 letter identifies "WordLogic Licensing agent Pete Sirianni"

23  as a person to be contacted about the allegations of infringement.

24      15.    In November 2018 Mr. Sirianni sent multiple emails to Mr. West. An email sent by

25  Mr. Sirianni to Mr. West on November 27, 2018 states "I am informing you that nobody reached

26  out as you indicated and WL will be moving forward with a lawsuit."

27      16.    An email dated December 17, 2018 from Mr. Sirianni to Mr. West states "Would

28  you like a copy of the lawsuit that is being filed against Schwab? As you can imagine nobody has

1  reach out and Schwab continues to infringe WL portfolio willingly."

2      17. An email dated January 23, 2019 from Mr. Sirianni to Mr. West states "The individual that you told me was going to reach out on the matter never did so WL will be moving forward as you can see from the complaint attached." This email attached a PDF file entitled "Draft Complaint – WordLogic v. Charles Schwab," which is attached as exhibit 5.

    18. An email dated January 29, 2019 from Mr. Sirianni to Mr. West states "Do you wish to discuss this matter prior to lawsuit?"

    19. Based on the above-described actions, Schwab is under a reasonable apprehension that it will be sued by WordLogic for infringement of the Asserted Patents. Accordingly, as further described herein, an actual and justiciable controversy exists between Schwab and the WordLogic Entities as to the noninfringement and invalidity of the Asserted Patents.

    20. This Court has personal jurisdiction over the WordLogic Entities because they purposefully directed the above-described activities at Schwab, which is a resident of this forum.

    21. This Court has personal jurisdiction over the WordLogic Entities because they purposefully availed themselves of the privilege of conducting activities within this State by maintaining suit against Fleksy Inc. in this District, and in particular by alleging infringement by Fleksy Inc. of the '124 and '984 patents in *WordLogic Corporation et al v. Fleksy, Inc.*, Case No. 4:17-cv-07169-JSW. The WordLogic Entities, by maintaining suit against Fleksy Inc. in the Northern District of California, have purposefully availed itself of the benefits and protections of California's laws such that they should reasonably anticipate being haled into court here.

    22. Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1391 and §1400(b). Plaintiff Schwab resides in this district.

    23. The WordLogic Entities admitted that this district is a proper venue for litigating the '124 and '984 patents in *WordLogic Corporation et al v. Fleksy, Inc.*, Case No. 4:17-cv-07169-JSW.

**INVALIDITY AND NONINFRINGEMENT OF THE ASSERTED PATENTS**

    24. The claims of the Asserted Patents are invalid under 35 U.S.C. § 102 and/or 103(a). For example, the Patent Office determined to institute IPR2017-01856. In reaching that decision,

1   the Patent Office considered prior art references to the Asserted Patents, including U.S. Patent No.
2   5,724,457 ("Fukishima"), U.S. Patent No. 5,367,453 ("Capps"), U.S. Patent No. 6,307,548
3   ("Flinchem"), U.S. Patent No. 5,797,098 ("Schroeder"), and John J. Darragh & Ian H. Witten,
4   Cambridge Series On Human- Computer Interaction, The Reactive Keyboard 3 (J. Long ed. 1992)
5   ("Witten").  The Patent Office determined that it would review the claims of the '124 patent
6   because it found that these prior art references established a reasonable likelihood that the claims
7   of the '124 patent were unpatentable under 35 U.S.C. § 103(a).  These same prior art references
8   also establish that the claims of the other Asserted Patents are invalid.

25. The claims of the Asserted Patents are also invalid under 35 U.S.C. § 101.  For example, Fleksy Inc. filed a motion to dismiss on February 3, 2017 in *WordLogic Corporation et al v. Fleksy, Inc.*, Case No. 4:17-cv-07169-JSW, in which it set forth reasons why the claims of the '124 patent are invalid under 35 U.S.C. § 101.

26. The allegations of infringement made by the WordLogic Entities fail to show that Schwab infringes any claim of any Asserted Patent.  For example, the claim chart included in the September 25, 2018 letter is incomplete, addressing only the preamble and the elements (a), (b), and (c) of claim 19 of the '124 patent.  But claim 19 of the '124 patents also includes elements (d), (e), (f), (g), and (h), and the WordLogic Entities have failed to show that Schwab practices those elements of the claim.

## COUNT ONE

### Declaratory Judgment Of Invalidity Of The '231 Patent

27. Schwab restates and realleges each of the assertions set forth in the paragraphs above.

28. The '231 patent is invalid under 35 U.S.C. § 101, 102 and/or 35 U.S.C. §103 for at least the reasons specifically set forth in the paragraphs above.

29. There is an actual controversy, within the meaning of 28 U.S.C. § 2201 and § 2202, between Schwab and the WordLogic Entities concerning the validity of the '231 patent.

30. Schwab is therefore entitled to a declaratory judgment that the '231 patent is invalid.

## COUNT TWO

### Declaratory Judgment Of Non-Infringement Of The '231 Patent

31. Schwab restates and realleges each of the assertions set forth in the paragraphs above.

32. Schwab has not infringed and does not infringe any valid claim of the '231 patent directly or indirectly, either literally or under the doctrine of equivalents, for at least the reasons specifically set forth in the paragraphs above.

33. There is an actual controversy, within the meaning of 28 U.S.C. § 2201 and § 2202, between Schwab and the WordLogic Entities concerning the non-infringement of the '231 patent.

34. Schwab is therefore entitled to a declaratory judgment that it has not infringed the '231 patent, directly or indirectly, either literally or under the doctrine of equivalents.

## COUNT THREE

### Declaratory Judgment Of Invalidity Of The '124 Patent

35. Schwab restates and realleges each of the assertions set forth in the paragraphs above.

36. The '124 patent is invalid under 35 U.S.C. § 101, 102 and/or 35 U.S.C. §103 for at least the reasons specifically set forth in the paragraphs above.

37. There is an actual controversy, within the meaning of 28 U.S.C. § 2201 and § 2202, between Schwab and the WordLogic Entities concerning the validity of the '124 patent.

38. Schwab is therefore entitled to a declaratory judgment that the '124 patent is invalid.

## COUNT FOUR

### Declaratory Judgment Of Non-Infringement Of The '124 Patent

39. Schwab restates and realleges each of the assertions set forth in the paragraphs above.

40. Schwab has not infringed and does not infringe any valid claim of the '124 patent directly or indirectly, either literally or under the doctrine of equivalents, for at least the reasons specifically set forth in the paragraphs above.

41. There is an actual controversy, within the meaning of 28 U.S.C. § 2201 and § 2202, between Schwab and the WordLogic Entities concerning the non-infringement of the '124 patent.

42. Schwab is therefore entitled to a declaratory judgment that it has not infringed the '124 patent, directly or indirectly, either literally or under the doctrine of equivalents.

## COUNT FIVE

### Declaratory Judgment Of Invalidity Of The '579 Patent

43. Schwab restates and realleges each of the assertions set forth in the paragraphs above.

44. The '579 patent is invalid under 35 U.S.C. § 101, 102 and/or 35 U.S.C. §103 for at least the reasons specifically set forth in the paragraphs above.

45. There is an actual controversy, within the meaning of 28 U.S.C. § 2201 and § 2202, between Schwab and the WordLogic Entities concerning the validity of the '579 patent.

46. Schwab is therefore entitled to a declaratory judgment that the '579 patent is invalid.

## COUNT SIX

### Declaratory Judgment Of Non-Infringement Of The '579 Patent

47. Schwab restates and realleges each of the assertions set forth in the paragraphs above.

48. Schwab has not infringed and does not infringe any valid claim of the '579 patent directly or indirectly, either literally or under the doctrine of equivalents, for at least the reasons specifically set forth in the paragraphs above.

49. There is an actual controversy, within the meaning of 28 U.S.C. § 2201 and § 2202, between Schwab and the WordLogic Entities concerning the non-infringement of the '579 patent.

50. Schwab is therefore entitled to a declaratory judgment that it has not infringed the '579 patent, directly or indirectly, either literally or under the doctrine of equivalents.

## COUNT THREE

### Declaratory Judgment Of Invalidity Of The '984 Patent

51. Schwab restates and realleges each of the assertions set forth in the paragraphs above.

52. The '984 patent is invalid under 35 U.S.C. § 101, 102 and/or 35 U.S.C. §103 for at least the reasons specifically set forth in the paragraphs above.

53. There is an actual controversy, within the meaning of 28 U.S.C. § 2201 and § 2202, between Schwab and the WordLogic Entities concerning the validity of the '984 patent.

54. Schwab is therefore entitled to a declaratory judgment that the '984 patent is invalid.

## COUNT FOUR

### Declaratory Judgment Of Non-Infringement Of The '984 Patent

55. Schwab restates and realleges each of the assertions set forth in the paragraphs above.

56. Schwab has not infringed and does not infringe any valid claim of the '984 patent directly or indirectly, either literally or under the doctrine of equivalents, for at least the reasons specifically set forth in the paragraphs above.

57. There is an actual controversy, within the meaning of 28 U.S.C. § 2201 and § 2202, between Schwab and the WordLogic Entities concerning the non-infringement of the '984 patent.

58. Schwab is therefore entitled to a declaratory judgment that it has not infringed the '984 patent, directly or indirectly, either literally or under the doctrine of equivalents.

## PRAYER FOR RELIEF

WHEREFORE, Tuodian respectfully requests that the Court enter judgment in its favor against Impressions Vanity, granting the following relief:

a) A declaration that the '231 patent is invalid.

b) A declaration that the '124 patent is invalid.

c) A declaration that the '579 patent is invalid.

d) A declaration that the '984 patent is invalid.

e) A declaration that Schwab does not infringe the '231 patent, directly or indirectly, either literally or under the doctrine of equivalents.

f) A declaration that Schwab does not infringe the '124 patent, directly or indirectly, either literally or under the doctrine of equivalents

g) A declaration that Schwab does not infringe the '579 patent, directly or indirectly, either literally or under the doctrine of equivalents

h) A declaration that Schwab does not infringe the '984 patent, directly or indirectly, either literally or under the doctrine of equivalents

i) A judgment that this is an exceptional case and an award to Schwab of its costs and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285; and

j) An award of costs, and expenses as allowed by law;

k) Such other and further relief as the Court may deem just and proper under the circumstances.

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Schwab demands jury trial on all issues and claims so triable.

DATED: January 29, 2019

**GREENBERG TRAURIG, LLP**

By: */s/ Nicholas A. Brown*

Nicholas A. Brown (SBN 198210)
brownn@gtlaw.com
GREENBERG TRAURIG, LLP
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111-5983
Telephone: 415.655.1271
Facsimile: 415.520.5609

Scott J. Bornstein (*pro hac vice*)
bornsteins@gtlaw.com
Rose Cordero Prey (*pro hac vice*)
preyr@gtlaw.com
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue
New York, NY 10166
Telephone: 212.801.9200
Facsimile: 212.801.6400

Counsel for Plaintiffs Charles Schwab & Co., Inc., Charles Schwab Bank, N.A., and The Charles Schwab Corporation